UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERIE BURKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON FINE WINE & SPIRITS, LLC, a Washington Limited Liability Company; and DOES 1–10, inclusive,<br><br>Defendants. | No. 2:24-cv-00905<br><br>NOTICE OF REMOVAL BY DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC<br><br>[Removal from the Superior Court of the State of Washington, County of King, Case No. 24-2-11344-4 KNT]<br><br>Action Filed: May 21, 2024 |

Defendant Washington Fine Wine & Spirits, LLC, d/b/a Total Wine & More ("WFW&S"), by and through its undersigned counsel, hereby removes this action from the Superior Court of the State of Washington for King County, Case No. 24-2-11344-4 KNT, to the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446. In support of removal, WFW&S provides this statement of the grounds for removal. 28 U.S.C. § 1446(a).[1]

---

[1] Nothing in this Notice is intended as a concession of liability, appropriateness of class treatment, or the accuracy of Plaintiff Burke's allegations. WFW&S reserves all defenses on the merits and to class certification. WFW&S reserves the right to supplement and amend this Notice in the event that Plaintiff contests the grounds for removal.

NOTICE OF REMOVAL
(No. 2:24-cv-00905) – Page 1

## I. TIMELIENESS OF REMOVAL

Plaintiff Cherie Burke filed a Complaint against WFW&S in the Superior Court of the State of Washington for King County, Case No. 24-2-11344-4 KNT, on May 21, 2024. Burke alleges that WFW&S violated RCW 49.58.110 by failing to post the wage scale or salary range for a Tukwila-based "Cashier/Customer Service" job. The law became effective January 1, 2023. WFW&S was served on May 24, 2024. A copy of the Complaint served upon WFW&S is attached hereto as **Exhibit A**. A copy of all other orders and process served upon WFW&S are attached as **Exhibits B–E** to the Declaration of Malaika M. Eaton re Verification of State Court Records ("Eaton Decl."). This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after service. 28 U.S.C. § 1446(b).

## II. DIVERSITY JURISDICTION

The basis for removal is diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction exists where "an action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000." *Demarest v. HSBC Bank USA*, 920 F.3d 1223, 1226 (9th Cir. 2019) (internal quotation marks omitted). Both requirements are met here.

### A. Complete Diversity of Citizenship Exists

Burke is a resident of Renton, Washington, which is located in King County. **Ex. A** ¶ 3. WFW&S can rely on this residency allegation to establish citizenship for purposes of diversity jurisdiction. *Aminiasl v. Volkswagen Grp. of Am., Inc.*, 2023 U.S. Dist. LEXIS 68803, *5 (C.D. Cal. Apr. 19, 2023) ("a defendant seeking to remove a case to federal court may rely solely on an allegation of residence in the complaint") (citing cases).

WFW&S is a limited liability company organized under the laws of the State of Washington and no members or subsequent layers of relevant control (e.g., trustees of the trust members) are citizens of Washington. As set forth in the concurrently filed Corporate

NOTICE OF REMOVAL
(No. 2:24-cv-00905) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Disclosure Statement, none of the members of WFW&S, nor the trustees and beneficiaries of the family trusts that own and control some of the membership interests, are citizens of Washington. *See Rapid Readymix Co. v. Concrete Strategies LLC*, 2023 U.S. Dist. LEXIS 87528, *2 (W.D. Wash. May 18, 2023) ("For purposes of diversity jurisdiction, an LLC is a citizen of every state of which its owners/members are citizens."). As a result, there is complete diversity of citizenship between Burke and WFW&S.[2]

**B.   The Amount in Controversy Exceeds $75,000**

The amount in controversy is the "amount at stake in the underlying litigation," and includes, among other things, "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016).

WFW&S alleges that the amount in controversy exceeds $75,000 based on conservative estimates of compensatory damages in controversy ($5,000 to $15,000) and a lodestar calculation for attorney's fees incurred by Burke through trial on her individual claim (more than $80,000), which contains no estimate for class-based discovery, motions for class certification, class-based settlement discussions, class claims administration, or any of the manifold other tasks that would be ascribed to class adjudication, including potentially a trial on the merits. A notice of removal need only contain a "short and plain statement of the grounds for removal" and a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" is sufficient. 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2017); *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068–69 (9th Cir. 2021).

---

[2] The reference to fictious "DOES 1-10" in the caption and paragraph 5 of the Complaint must be disregarded for purposes of determining diversity of citizenship between the named parties. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

NOTICE OF REMOVAL
(No. 2:24-cv-00905) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

### III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

Based on the foregoing, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453. The United States District Court for the Western District of Washington is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Burke originally filed this case, in the Superior Court of the State of Washington for King County. 28 U.S.C. § 128(b); 28 U.S.C. § 1441(a). Upon filing this Notice of Removal, WFW&S will furnish written notice to Burke's counsel and will file and serve a copy of this Notice with the Clerk of the Superior Court of the State of Washington for King County, pursuant to 28 U.S.C. § 1446(d).

### IV. PLEADINGS FILED WITH COURT

All process and pleadings filed in the instant action from the case file of the Superior Court of the State of Washington for King County, are attached to the Eaton Declaration filed with this Notice. *See* LCR 101(b).

DATED this 24th day of June, 2024.

McNAUL EBEL NAWROT & HELGREN PLLC

By: s/Malaika M. Eaton
    Malaika M. Eaton, WSBA No. 32837

600 University Street, Suite 2700
Seattle, Washington 98101
(206) 467-1816
meaton@mcnaul.com

NOTICE OF REMOVAL
(No. 2:24-cv-00905) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

William J. Murphy
(*Pro Hac Vice Forthcoming*)
John J. Connolly
(*Pro Hac Vice Forthcoming*)
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202-1031
(410) 332-0444
wmurphy@zuckerman.com
jconnolly@zuckerman.com

Attorneys for Defendant Washington Fine Wine & Spirits, LLC, d/b/a Total Wine & More

NOTICE OF REMOVAL
(No. 2:24-cv-00905) – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816